Jerry J. Jarzombek
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| CHRIS CORBITT and AMY CORBITT, | § | Civil Action No. |
|  | § |  |
| Plaintiffs, | § |  |
|  | § | **COMPLAINT** |
| vs. | § | **and** |
|  | § | **DEMAND FOR JURY TRIAL** |
| OLD REPUBLIC INSURANCE COMPANY | § |  |
| And JODY D. JENKINS, | § |  |
|  | § |  |
| Defendants. | § |  |
|  | § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1.     Plaintiffs, Chris Corbitt and Amy Corbitt (collectively, "the Corbitts") bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), under the Texas Debt Collection Act, Texas Finance Code § 392.001, *et seq.* ("TDCA") and Chapter 12 of the Texas Civil Practice & Remedies Code ("CPRC") to obtain statutory damages, actual damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the CRPC.

2.     Defendant, Old Republic Insurance Company ("Old Republic") attempted to collect a consumer debt allegedly owed by Plaintiffs, arising from a purported obligation to First Magnus Financial Corporation.   The obligation ("Debt") required Plaintiffs to pay money arising out of

transactions in which money, property, insurance or services were the subject thereof, and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an alleged default of a mortgage obligation on Plaintiffs' homestead.

3.      Defendant, Jody D. Jenkins, ("Jenkins") attempted to collect a consumer debt allegedly owed by Plaintiffs, arising from a purported obligation to First Magnus Financial Corporation. The obligation ("Debt") required Plaintiffs to pay money arising out of transactions in which money, property, insurance or services were the subject thereof, and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an alleged default of a mortgage obligation on Plaintiffs' homestead.

4.      More specifically, on April 26, 2021, Jenkins filed an abstract of judgment in the deed records of Harris County, Texas on behalf of Old Republic. The abstract filed by Jenkins identifies Old Republic as the judgment creditor and the Corbitts as judgment defendants in Cause No, 2009-75635. *See* Exhibit A, the abstract of judgment.

5.      The abstract of judgment states a judgment was entered against the Corbitts on April 29, 2010; that the judgment awarded Old Republic $79,163.62; and that the amount due is "the total awarded by the judgment, less any payments made, plus any additional attorney's fees, cost or interest awarded by the Court."

6.      The judgment was satisfied and dismissed with prejudice on September 22, 2015 and September 29, 2015.

## Jurisdiction and Venue

7.      Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims.

8.      Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(d) and because the acts and transactions occurred here, and Jenkins' office is in the Northern District of Texas.

## Parties

9.      Plaintiffs, Chris Corbitt and Amy Corbitt are each a citizen of the State of Texas. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

10.      Defendant, Old Republic Insurance Company is a foreign entity engaged in the business of insurance in this state with its business address at 631 Excel Drive, Suite 200, Mt. Pleasant, PA 1666-2771.  A principal purpose of Old Republic's business is the collection of past due obligations arising from mortgage insurance policies.  Old Republic a "debt collector" as defined TEX. FIN. CODE § 392.001(6).  Old Republic may be served through its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Inco., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.      Defendant, Jody D. Jenkins is an individual engaged in the business of collecting consumer debts in the Northern District of Texas, with his mailing address at P.O. Box 420, Lubbock, Texas 79408. The principal purpose of Jenkins' business is collection of consumer debt. Jenkins is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6). Jenkins is also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).  Jenkins may be served at his office, 1623 10th Street, Lubbock, Texas 79401.

## Factual Allegations

12.      Old Republic filed suit against the Corbitts in a Harris County District Court under case number 2009-75635, and ultimately took a no-answer default judgment against them.

13.     Upon discovery of this judgment, the Corbitts filed a Bill of Review to set it aside.  In conjunction with setting aside the default judgment, the Corbitts also resolved the underlying claims in the lawsuit.

14.     On September 22, 2015, an Agreed Order was signed by the trial court in the bill of review case.  *See* Exhibit B.

15.     Specifically, Exhibit B identified a settlement in Cause No. 2009-75635, set aside the judgment in that case, and dismisses the bill of review case with prejudice and evidences an agreement to dismiss Cause No. 2009-75635 with prejudice.

16.     Jenkins signed the Agreed Order on behalf of Old Republic.  *See* Exhibit B.

17.     On September 29, 2015, an order of non-suit with prejudice was signed in Cause No. 2009-75635.  *See* Exhibit C.

18.     On April 26, 2021, Jenkins, on behalf of Old Republic, filed an abstract of judgment in the Harris County property records.  *See* Exhibit A.

19.     The Corbitts have no obligation to Old Republic from (at least) September 29, 2015.

20.     The judgment was extinguished no later than September 29, 2015.

21.     The Corbitts were attempting to sell their homestead.  During this process, the title company located the abstract of judgment.

22.     The abstract of judgment was a cloud upon the title of the Corbitts' real property.

23.     Defendants released the abstract of judgment when they were provided with a draft of this Complaint.

24.     The foregoing acts and omissions as described above were undertaken by Old Republic and Jenkins (as a representative of Old Republic) acting within the course and scope of his employment at all times relevant to this matter.

25.     The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiffs.

26.     The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiffs.

## First Claim for Relief

27.     The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. Jenkins' violations of the FDCPA include, but are not limited to:

   a.      In violation of 15 U.S.C. § 1692e(2)(a) and 15 U.S.C. § 1692e(10), Jenkins used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt.  Specifically, Jenkins represented that Plaintiffs were liable on a judgment that had long age been settled and dismissed with prejudice.

   b.      In violation of 15 U.S.C. § 1692(e)(5) and the "least sophisticated consumer" standard, the Jenkins threatened to take an action (and actually took such an action) which cannot legally be taken or that is not intended to be taken. Such actions include filing an abstract of judgment in the deed records of Harris County, Texas misrepresenting Plaintiffs were liable on a judgment that had long age been settled and dismissed with prejudice.

   c.      In violation of 15 U.S.C. § 1692e(8) Jenkins communicated credit information regarding the Plaintiffs which is known or should be known to be false.

28.     Under 15 USC § 1692k, Jenkins' violations of the FDCPA render him liable to Plaintiffs for statutory damages, actual damages, costs, and reasonable attorney's fees.

## Second Claim for Relief

29.     The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to:

   a.      In violation of TEX. FIN. CODE § 392.301(a)(1), Defendants used criminal means, specifically perjury, by falsely swearing to a settled and dismissed debt in the abstract of judgment.

b.    In violation of TEX. FIN. CODE § 392.301(a)(8), Defendants threatened to take (and/or did take) an action prohibited by law. Such actions include misrepresenting Plaintiffs were liable on a judgment that had long age been settled and dismissed with prejudice.

c.    In violation of TEX. FIN. CODE § 392.304(a)(8), Defendants misrepresented the status and character of the debt by claiming that Plaintiffs were judgment credits as to a debt that had been settled and dismissed with prejudice.

d.    In violation of TEX. FIN. CODE § 392.304(a)(8), Defendants misrepresented that the debt could be increased by the addition of costs and attorney's fees, which the debt was non-existent.

e.    In violation of TEX. FIN. CODE § 392.304(a)(19), Defendants used false representations and deceptive means to collect a consumer debt.

30.    Under TEX. FIN. CODE ANN. § 392.403, the Defendants' violations of the TDCA render them jointly and severally liable to Plaintiffs for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Third Claim for Relief**

31.    The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendants' violations of the CPRC include, but are not limited to:

a.    In violation of TEX. CIV. PRAC & REM. CODE § 12.001 *et seq.,* Defendants filed a false abstract of judgment which clouds the title as to Plaintiffs' homestead.

32.    Under TEX. FIN. CODE ANN. § 392.403, the Defendants' violations of the CPRC render them jointly and severally liable to each Plaintiff for the greater of $10,000 or actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court:

1.    Declare that Defendants' actions violate the FDCPA, TDCA and CPRC

2.    Enjoin the Defendants' actions which violate the TDCA and CPRC.

3.     Enter judgment for Plaintiffs and against Defendants for actual damages, statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or TEX. FIN. CODE ANN. § 392.403 and/or TEX. CIV. PRAC. & REM. CODE § 12.002.

4.     Grant such further relief as deemed just.

Respectfully submitted,

*/s/Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

ATTORNEY FOR PLAINTIFFS,
CHRIS CORBITT and AMY CORBITT

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

*/s/Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

ATTORNEY FOR PLAINTIFFS,
CHRIS CORBITT and AMY CORBITT